IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARL SPRAGUE**,

**Plaintiff,**

v.                                             No. 17-cv-1050-DRH-RJD

**UNKNOWN RAILROAD COMPANY,**
**CITY OF VANDALIA, ILLINOIS,**
**MAYOR OF VANDALIA, ILLINOIS, and**
**UNKNOWN DEFENDANTS,**

**Defendants.**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On September 28, 2017, Carl Sprague filed a *pro se* civil rights complaint against Defendants Unknown Railroad Company; City of Vandalia, Illinois; Mayor of Vandalia, Illinois; and Unknown Defendants (Doc. 2). Currently pending before the Court is his motion to proceed without prepaying fees or costs (Doc. 3) and motion for recruitment of counsel (Doc. 4). Based on the following, the Court denies the motions.

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some

respect for all indigent litigants." *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997). Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

After reading Sprague's pleadings, the Court finds that Sprague 's motion to proceed IFP does not survive § 1915(e)(2) review. At this point the Court cannot determine precisely what Sprague's claims are against the numerous defendants. His complaint is both nonsensical and hard to follow. Ultimately, the Court finds that Sprague's allegations are insufficient to state a claim. Thus, the Court denies his motion to proceed without prepaying fees or costs at this time.

Accordingly, the Court **DENIES without prejudice** Sprague's motion to proceed without prepaying fees or costs (Doc. 3). He may re-file this motion at a later date, if necessary. The Court also **DENIES** his motion for counsel (Doc. 4).[1] The Court **ALLOWS** Sprague up to and including October 30, 2017 to file an amended complaint that more clearly articulates his allegations against the

---

[1] Plaintiff has no constitutional or statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether plaintiff has made reasonable efforts to secure counsel without court intervention (or whether has she been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). The finds this vague representation to be insufficient proof of an effort to find representation.

defendants, and the facts that support those allegations. Failure to comply with this Order shall result in the Court dismissing his case for failure to prosecute.

**IT IS SO ORDERED.**

Digitally signed by
Judge David R.
Herndon
Date: 2017.09.29
10:46:55 -05'00'

**United States District Judge**