IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CARL SPRAGUE**,

**Plaintiff,**

v.                                                          No. 17-cv-1050-DRH-RJD

**UNKNOWN RAILROAD COMPANY,**
**CITY OF VANDALIA, ILLINOIS,**
**MAYOR OF VANDALIA, ILLINOIS, and**
**UNKNOWN DEFENDANTS,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

In this order, the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. after its initial review of plaintiff Carl Sprague's amended complaint (Doc. 10). Following the Court's initial review of plaintiff Carl Sprague's amended complaint (Doc. 10), it appears that Sprague's amended complaint fails to properly allege whether subject matter jurisdiction exists over his claims. See *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). For the reasons stated below, plaintiff's amended complaint is dismissed with leave to file a second

amended complaint.

On September 28, 2017, Carl Sprague filed a *pro se* civil rights complaint against defendants Unknown Railroad Company; City of Vandalia, Illinois; Mayor of Vandalia, Illinois; and Unknown Defendants (Doc. 2).  On that same date, plaintiff also filed motions to proceed without prepaying fees or costs (Doc. 3) and for recruitment of counsel (Doc. 4). After reading Sprague's pleadings, the Court found that Sprague's motion to proceed IFP did not survive § 1915(e)(2) review because the Court was unable to determine precisely what Sprague's claims were against the named defendants. His initial complaint was both nonsensical and hard to follow. Ultimately, the Court denied without prejudice his motions to proceed without prepaying fees or costs and motion for counsel and allowed Sprague until October 30, 2017, to file an amended complaint that more clearly articulated his allegations against the defendants, and the facts that support those allegations (Doc. 6).

Thereafter, on October 24, 2017, Sprague filed an amended complaint (Doc. 7) and amended motion for recruitment of counsel (Doc. 8). However, upon review of the amended complaint, it appeared that the document was missing pages 1 and 2. The Court struck the amended complaint as incomplete and directed Sprague to file his amended complaint in its entirety no later than November 14, 2017 (Doc. 9). The Court also advised Sprague of his continuing obligation to keep the Clerk informed of any change in his address, given that his amended motion for recruitment of counsel referenced an upcoming release date

from prison.

Later that same day, October 24, 2017, Sprague filed his amended complaint with all pages included (Doc. 10). Having reviewed the allegations of the first amended complaint, the Court discerns certain flaws in Sprague's pleading with respect to federal jurisdiction.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1332. Section 1331 addresses federal question jurisdiction, meaning "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1332, on the other hand, addresses diversity jurisdiction. As a general rule, a federal court may exercise jurisdiction in diversity only if all of the parties to an action are of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant, and an amount in excess of $75,000, exclusive of interest and costs, is in controversy. See 28 U.S.C. § 1332(a).

On the face of the amended complaint, this appears to be a personal injury case with no constitutional implications. However, plaintiff ultimately fails to establish federal jurisdiction, based on diversity jurisdiction, or otherwise. Therefore, his complaint must be dismissed with leave to amend.

Accordingly, Sprague's complaint is **DISMISSED with leave to amend**. Plaintiff must file an amended complaint **no later than December 18, 2017**, alleging the citizenship of the parties, the amount in controversy, or some other

basis for federal jurisdiction. Failure to do so will result in dismissal without prejudice for failure to allege subject matter jurisdiction. Given the dismissal of plaintiff's complaint, his amended motion for recruitment of counsel is **DENIED as moot** (Doc. 8).

    **IT IS SO ORDERED.**

Judge Herndon
2017.11.16
15:35:24 -06'00'

**United States District Judge**